IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTERN & ASSOCIATES, LLC, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | CASE NO. _____ |
| | : | |
| LATHAM & WATKINS LLP, | : | |
| | : | |
| Defendant | : | |
| | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Latham & Watkins LLP ("Latham") hereby files this Notice of Removal for Case No. 121202011 from the Court of Common Pleas, Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal states as follows:

## STATEMENT OF THE CASE

1. Defendant Latham & Watkins LLP is the defendant in a civil action commenced with a Writ of Summons by Plaintiff Mattern & Associates, LLC ("Mattern") on December 14, 2012 in the Court of Common Pleas for Philadelphia County, Pennsylvania, styled *Mattern & Associates, LLC v. Latham & Watkins LLP*, Case Number 121202011 (the "State Court Action"). Latham was served with a Summons in the State Court Action on December 28, 2012.

2. Upon commencement of the State Court Action, Plaintiff did not file a Complaint or other pleading, but instead only served Latham with a Summons and, pursuant to Pennsylvania Rules of Civil Procedure 4003.8 and 4009, a Pre-Complaint Request for the Production of Documents. Various motion practice, filings, and pre-complaint discovery followed.

3. Mattern did not file, or serve on Latham, a complaint until October 15, 2013. This Notice of Removal, filed within thirty days of that initial pleading by Mattern, is therefore timely under 28 U.S.C. §§ 1446(b)(1) and (c)(1).

4. The Complaint asserts four claims for relief including: (a) breach of contract; (b) misappropriation and conversion of trade secrets; (c) unjust enrichment; and (d) an accounting. *See* Complaint, attached as Exhibit 20 (hereinafter, "Compl.") at 3-8.  Each claim is based on Mattern's allegation that Latham misappropriated Mattern's purported Confidential Information in violation of a Non-Disclosure Agreement between the parties. Compl. ¶¶ 8, 13-15.

## DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332(a)

5. Pursuant to 28 U.S.C. § 1441(a), the State Court Action may be removed to this Court because this Court has original jurisdiction over this action, and because the U.S. District Court for the Eastern District of Pennsylvania is the federal judicial district embracing the Court of Common Pleas for Philadelphia County, Pennsylvania, where the State Court Action was originally filed.

6. This Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

6. Plaintiff alleges that Mattern is a Pennsylvania limited liability company, and that Mattern's business address is 871 Baltimore Pike #2, Glen Mills, Pennsylvania 19342. Compl. ¶ 2.  On information and belief, all members of Mattern are citizens of the State of Pennsylvania.

7. Latham is not a citizen of the state of Pennsylvania.  Latham is a Delaware limited liability partnership, in which no partners are citizens of the state of Pennsylvania. *See, e.g., DPCC, Inc. v. Cedar Fair, L.P.,* 21 F.Supp.2d 488, 490 (E.D. Pa. 1998) (limited partnership is a

citizen of each state in which its partners are citizens). There is therefore complete diversity between Plaintiff and Defendant in this action.

8. Because Latham is not a citizen of the state of Pennsylvania, it is not barred from removing the State Court Action under 28 U.S.C. § 1441(b)(2).

9. The relief Plaintiff seeks in this action includes, *inter alia*: (a) "damages" in an unspecified amount; (b) "disgorge[ment]" of "any savings, benefits or revenue that Latham & Watkins has or will receive as a result" of the purported unlawful activity; (c) an order that Latham be "permanently enjoined and restrained" from "using in any manner, shape or form, Mattern's confidential and proprietary information" and "divulging or transmitting to anyone, for any purpose, any of Mattern's confidential or proprietary information"; (d) an order that Latham be "directed to return" to Mattern all copies of Mattern's documents, electronic files and information, including that which Latham allegedly disseminated to third parties; and e) " a full and complete accounting regarding [Latham's] receipt of any and all financial benefits derived or to be derived" from Latham's purported misappropriation of Mattern Confidential Information. Compl. at 4-8.

10. Plaintiff does not specify the amount of damages it seeks in its Complaint. However, in the Civil Cover Sheet to the State Court Action, Plaintiff provided that the amount in controversy was "More than $50,000.00." *See* Civil Cover Sheet, attached as Exhibit 1. And in its Complaint, Plaintiff explicitly seeks disgorgement of "*any* savings, benefits or revenue" related to, as well as an accounting as to "*any and all financial benefits* derived" from Latham's purported wrongdoing. Compl. at 5–8 (emphasis added). The Complaint further alleges that Latham's actions "warrant[] the imposition of punitive damages." Compl. ¶ 32.

11. Plaintiff alleges that Latham misappropriated Mattern's purported Confidential Information as part of a request for proposal ("RFP") for a new support services contract. Compl. ¶¶ 13, 14.  The support services contract generated out of this RFP process has a term of five years, with an annual dollar value of $7,500,000 for a total value across the span of the contract of over $37,500,000.

12. Where, as here, the Complaint does not state the amount in controversy due to the requirements of state practice, *see* Pa. R.C.P. 1021(b), or because it seeks "nonmonetary relief," the Court should remove the action if it finds by a "preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. §§ 1446(c)(2)(A), (c)(2)(B). Preponderance of the evidence means "proof to *a reasonable probability* that jurisdiction exists." *Frederico v. Home Depot*, 507 F.3d 188, 196 n.6 (3d Cir. 2007) (emphasis added). Where the Complaint is silent or ambiguous as to the amount in controversy, the notice of removal may assert the amount in controversy, 28 U.S.C. § 1446(c)(2)(A), and the Court may look to this notice. *Frederico*, 507 F.3d at 196. The removal notice "serves the same functions as the complaint would in a suit filed in federal court." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) (internal quotations omitted). In addition to monetary damages, the Court "must consider" potential punitive damages in determining the amount in controversy. *Frederico*, 507 F.3d at 198-99 (citing *Golden v. Golden*, 382 F.3d 348, 356 (3d Cir. 2004)). In determining the amount in controversy, the Court must also consider the value of the injunctive relief sought measured from the perspective of the Plaintiff. *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994). The amount of controversy is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).

13.     Based on the preponderance of the evidence, well over $75,000 is in controversy. This evidence includes the following:

a)      Plaintiff has already certified on the Civil Cover Sheet for the State Court Action that the amount in controversy is over $50,000.

b)      Plaintiff generally seeks damages under a breach of contract theory.  One plausible measure of Plaintiffs damages would be the amount Plaintiff would have charged to render services, had Latham engaged Plaintiff.  While Plaintiff has not pled that amount, the competing vendor Latham hired in lieu of Plaintiff has been paid $84,875 for its services.

c)      Plaintiff seeks disgorgement of "any savings" or "benefits" Latham "has or will receive" from its alleged unlawful activity.  Given that the contract negotiated with allegedly infringing information was worth $37,500,000, if Latham saved even one-fifth of one percent of the contract's value, the $75,000 threshold is satisfied by this item alone.  And in prior communications with Latham, Mattern guaranteed that if Latham engaged Mattern, Mattern would generate $1.8 million in savings for Latham in the first-year alone.

d)      Plaintiff also seeks punitive damages.  Under the Pennsylvania Uniform Trade Secrets Act, a Court may assess punitive damages up to twice the amount of monetary damages.  12 Pa. C.S. § 5304(b).

e)      Finally, Plaintiff seeks an injunction barring Latham from using any of Mattern's confidential and proprietary information.  For amount in controversy purposes, this value of an injunction is measured from the perspective of the Plaintiff.  *Corestates*, 39 F.3d at

65.     Presumably, Plaintiff believes its confidential and proprietary information is worth more than $75,000.

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

14.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action that have been served upon Latham are being filed with this Notice of Removal as Exhibits 1 through 19, including:

- Exhibit 1:  Civil Cover Sheet (filed by Plaintiff December 14, 2012);

- Exhibit 2:  Praecipe to Issue Writ of Summons (filed by Plaintiff December 14, 2012);

- Exhibit 3:  Summons (served upon Defendant December 28, 2012);

- Exhibit 4:  Plaintiff's Request for Production of Documents (served upon Defendant December 28, 2012);

- Exhibit 5:  Defendant's Answers and Objections to Plaintiff's Request for Production of Documents (served upon Plaintiff January 24, 2013);

- Exhibit 6:  January 30, 2013 Scheduling Order;

- Exhibit 7:  Praecipe for Entry of Appearance (filed by Defendant February 21, 2013);

- Exhibit 8:  Motion to Strike Objections and to Compel Pre-Complaint Discovery (filed by Plaintiff February 22, 2013);

- Exhibit 9:  Motion for Admission of Lawrence J. Gotts, Esq. *Pro Hac Vice* (filed by Defendant February 26, 2013);

- Exhibit 10:  Motion for Admission of Matthew K. Roskoski, Esq. *Pro Hac Vice* (filed by Defendant February 26, 2013);

- Exhibit 11:  Motion for Admission of Evan R. Thorn, Esq. *Pro Hac Vice* (filed by Defendant February 26, 2013);

- Exhibit 12:  Response to Plaintiff's Motion to Strike Objections and to Compel Pre-Complaint Discovery (filed by Defendant March 13, 2013);

- Exhibit 13:  March 18, 2013 Case Management Order;

- Exhibit 14:  March 20, 2013 Order Granting Plaintiff's Motion to Strike Objections;

- Exhibit 15:  March 25, 2013 Order Granting Admission of Lawrence J. Gotts, Esq. *Pro Hac Vice*;

- Exhibit 16:  March 25, 2013 Order Granting Admission of Matthew K. Roskoski, Esq. *Pro Hac Vice*;

- Exhibit 17:  March 25, 2013 Order Granting Admission of Evan R. Thorn, Esq. *Pro Hac Vice*;

- Exhibit 18:  Uncontested Motion for Issuance of Stipulated Protective Order (filed by Defendant March 28, 2013);

- Exhibit 19:  April 8, 2013 Stipulated Protective Order;

- Exhibit 20:  Complaint (served upon Defendant October 15, 2013); and

- Exhibit 21:  Uncontested Motion for Issuance of Stipulated Order Extending Time for Defendant to Answer or Otherwise Respond to Plaintiff's Complaint (filed by Defendant November 1, 2013).

15. This Notice of Removal has been timely filed within 30 days of the date that Latham was served with "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1).

16. Concurrently with the filing of this Notice of Removal, and pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of this Notice of Removal to Plaintiff, as well as a copy of this Notice of Removal to the clerk of the Court of Common Pleas for Philadelphia County, Pennsylvania.

## CONCLUSION

By filing this Notice of Removal, Defendant Latham & Watkins LLP does not waive and expressly reserves all defenses or objections it may have to this action.

**WHEREFORE** Defendant Latham & Watkins LLP hereby removes the State Court Action to the United States District Court for the Eastern District of Pennsylvania, and respectfully requests that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:  November 13, 2013              Respectfully submitted,


/s/ Samantha L. Southall (SLS8150)
Samantha L. Southall, Esq. (Pa. I.D. No. 80709)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
Telephone: (215) 665-8700
Facsimile: (215) 665-8760
Email: samantha.southall@bipc.com

Jack M. Stover, Esq. (Pa. I.D. No. 18051)
BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street, Suite 500
Harrisburg, PA 17101-1357
Telephone: (717) 237-4800
Facsimile:  (717) 233-0852
Email: jack.stover@bipc.com

*Attorneys for Defendant*

Of counsel:
Peter L. Winik, Esq.
Lawrence J. Gotts, Esq.
Matthew K. Roskoski, Esq.
Evan R. Thorn, Esq.
LATHAM & WATKINS LLP
555 11th Street, N.W., Suite 1000
Washington, DC 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2013, I caused a true and correct copy of the foregoing Notice of Removal to be served via overnight courier upon the following:

>Nicholas Poduslenko, Esq.
>Obermayer Rebmann Maxwell & Hippel LLP
>One Penn Center, 19th Floor
>1617 JFK Boulevard
>Philadelphia, PA 19103


    /s/  Samantha L. Southall
Samantha L. Southall