# EXHIBIT 20

OBERMAYER REBMANN MAXWELL & HIPPEL LLP
BY:  Nicholas Poduslenko, Esquire (#51562)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 665-3000                                                        Attorney for Plaintiff



---

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC<br><br>v.<br><br>LATHAM & WATKINS LLP | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>DECEMBER TERM, 2012<br>NO. 2011 |

## COMPLAINT - CIVIL ACTION

<table>
<tr><td align="center"><b>NOTICE</b></td><td align="center"><b>AVISO</b></td></tr>
<tr><td>

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

</td><td>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

</td></tr>
<tr><td>

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
1101 Market Street
Philadelphia, Pennsylvania 19107
Telephone:  215-238-1701

</td><td>

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
1101 Market Street
Filadelfia, Pennsylvania 19107
Telefono:  215-238-1701

</td></tr>
</table>

4556617.2

Case ID: 121202011

OBERMAYER REBMANN MAXWELL & HIPPEL LLP
BY:  Nicholas Poduslenko, Esquire (#51562)
One Penn Center, 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103
(215) 665-3000                                                    Attorney for Plaintiff

| | |
|---|---|
| MATTERN & ASSOCIATES, LLC<br><br>v.<br><br>LATHAM & WATKINS LLP | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY, PA<br><br>DECEMBER TERM, 2012<br>NO. 2011 |

## COMPLAINT

1.      Mattern & Associates, LLC ("Mattern") is a Pennsylvania limited liability

company with a business address of 871 Baltimore Pike #2, Glen Mills, PA 19342.

2.      Latham & Watkins, LLP ("L&W") is a Delaware limited liability partnership with

a registered address c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange

Street, Wilmington, DE 19801.  Moreover, by way of a Mutual Non-Disclosure Agreement, L&W

consented to the jurisdiction of the state and federal courts sitting in Philadelphia, Pennsylvania.

3.      At all times material hereto, L&W has regularly done and continues to conduct

business in the Commonwealth of Pennsylvania and the City of Philadelphia.

4.      At all times material hereto, L&W conducted its business by and through its

agents, representatives, servants and/or employees who were all acting within the scope of their

employment and/or engagement and in the furtherance of L&W's business.

5.      Mattern provides consulting services to law firms and businesses on how to best

recover third-party support services costs and obtain the most favorable and competitive pricing

from the law firm or business's support service providers.

4556617.2

6.      In providing its services, Mattern has developed confidential and proprietary information and methods which gives it an advantage over its competitors in the marketplace.

7.      In and around May 11, 2011, Mattern met with L&W representatives to discuss the prospect of performing an assessment of L&W's outsourced and in-house operations where Mattern would provide recommendations to improve those functions both operationally and financially.

8.      As a result of those discussions, Mattern and L&W entered into a Mutual Non-Disclosure Agreement on January 4, 2012, whereby Mattern and L&W agreed, among other things, to use confidential information solely for the purpose of the matters set forth above and to not use any of the confidential information for any other purpose.  A copy of the Mutual Non-Disclosure Agreement is attached hereto as Exhibit "A."

9.      After entering into the Non-Disclosure Agreement, Mattern made a presentation to numerous L&W representatives on January 20, 2012 and January 26, 2012, where confidential and proprietary information was divulged to L&W representatives.

10.      In response to the January 26, 2012 presentation, L&W requested that Mattern submit a proposal that would assist the Firm in the construction of their outsourcing Request for Proposal.

11.      Subsequent thereto, Mattern submitted a response to that request for proposal, dated March 16, 2012, which contained confidential and proprietary information that was shared with the L&W representatives during the January 26, 2012, presentation.

12.      After submitting its response to L&W's request for proposal, Mattern was later advised by L&W that it was electing to engage another consultant who is a competitor of Mattern.

Case ID: 121202011

13.     Subsequent to being advised by L&W that it would not be engaged, Mattern came to learn that L&W not only shared Mattern's confidential and proprietary information with its competitor, but also with numerous support vendors as part of a request for proposal for a new support services contract.

14.     In particular, on June 21, 2012, L&W requested that its current support service provider and a number of prospective support service providers incorporate into their response to the request for proposal the confidential and proprietary information Mattern had previously shared with L&W.

15.     Prior to Mattern divulging to L&W its confidential and proprietary information, L&W had not developed or previously used the confidential and proprietary information as part of its past practice or course of dealings with any of its support service providers.  Likewise, L&W did not develop the concepts found in Mattern's confidential and proprietary information from any source independent of Mattern.

**COUNT I**

**BREACH OF CONTRACT**

16.     Mattern incorporate paragraphs 1 through 15 above, as if fully set forth herein at length.

17.     At all times material hereto, Mattern and L&W entered into a Non-Disclosure Agreement where the parties agreed, among other things, to use confidential information solely for the purpose for which Mattern was to be potentially engaged and to not use any confidential information for any purpose except in accordance with the terms of the Non-Disclosure Agreement.

Case ID: 121202011

18.    L&W breached the Agreement when it incorporated Mattern's confidential and proprietary information into a request for proposal to its then current and prospective support service providers.

19.    L&W also breached the Agreement when it divulged Mattern's confidential and proprietary information to Mattern's competitor.

20.    Pursuant to the Non-Disclosure Agreement, Mattern and L&W agreed that their obligations under the Agreement were necessary and reasonable in order to protect the confidential information of the disclosing party and its business, and that monetary damages alone would not be inadequate to compensate the disclosing party for any breach of the covenants set forth in the Agreement.  Mattern and L&W further agreed that any violation or threatened violation of the Agreement would cause immediate and irreparable injury whereby the disclosing party is entitled to injunctive relief without the posting of a bond.

21.    As a result of L&W's breaches of the Agreement, Mattern has suffered and will continue to sustain irreparable harm and losses unless L&W is enjoined from breaching the Agreement.

22.    Mattern also believes that L&W's use of Mattern's confidential and proprietary information will result in significant savings and/or revenue.

WHEREFORE, Mattern & Associates, LLC respectfully request that:

1.    Latham & Watkins, LLP be permanently enjoined and restrained, directly and indirectly, whether alone or in concert with others, from doing any of the following:

   a.    using in any manner, shape or form, Mattern's confidential and proprietary information;

   b.    divulging or transmitting to anyone, for any purpose, any of Mattern's confidential or proprietary information.

Case ID: 121202011

2.     Latham & Watkins be directed to return to Mattern & Associates all copies of Mattern's documents, electronic files and information and demand the return of any of Mattern's document's, electronic files and information which it disseminated to any third parties;

3.     Latham & Watkins be required to disgorge any savings, benefits or revenue that Latham & Watkins has or will receive as a result of engaging in the above unlawful activity.

4.     Mattern & Associates be awarded damages as a result of Latham & Watkins' above-mentioned unlawful activities.

## COUNT II

## MISAPPROPRIATION AND CONVERSION OF TRADE SECRETS

23.     Mattern incorporates paragraphs 1 through 22 above, by reference, as if fully set forth herein at length.

24.     As set forth above, Mattern possesses confidential and proprietary information which is critical to the company's success.

25.     Mattern's confidential information is not generally known to and is not readily ascertainable by proper means by others who can gain economic value from its use and/or disclosure.

26.     Mattern exercises reasonable efforts to maintain the secrecy of its confidential and proprietary information.

27.     As set forth above, the L&W and its authorized representatives have worked independently and together to misappropriate, disclose, and/or utilize Mattern's confidential and proprietary information for its own benefit and through improper means and without the consent of Mattern.

4556617.2        5        Case ID: 121202011

28.    Upon information and belief, L&W is, among other things, using Mattern's confidential and proprietary information for its own personal benefit.

29.    By misappropriating Mattern's confidential and proprietary information, each L&W has violated the Pennsylvania Uniform Trade Secrets Act, 12 P.S. § 5301 et seq.

30.    The actions of L&W were and continue to be willful and malicious.

31.    L&Ws' actual and/or threatened misappropriation of Mattern's confidential and proprietary information has and will continue to cause irreparable harm to Mattern unless enjoined.

32.    L&W's concerted egregious misappropriation of Mattern's confidential and proprietary information warrants the imposition of punitive damages.

WHEREFORE, Mattern & Associates, LLC respectfully request that:

1.    Latham & Watkins, LLP be permanently enjoined and restrained, directly and indirectly, whether alone or in concert with others, from doing any of the following:

    a.    using in any manner, shape or form, Mattern's confidential and proprietary information;

    b.    divulging or transmitting to anyone, for any purpose, any of Mattern's confidential or proprietary information.

2.    Latham & Watkins be directed to return to Mattern & Associates all copies of Mattern's documents, electronic files and information and demand the return of any of Mattern's document's, electronic files and information which it disseminated to any third parties;

3.    Latham & Watkins be required to disgorge any savings, benefits or revenue that Latham & Watkins has or will receive as a result of engaging in the above unlawful activity.

4.    Mattern & Associates be awarded damages as a result of Latham & Watkins' above-mentioned unlawful activities.

Case ID: 121202011

## COUNT III

## UNJUST ENRICHMENT

33.     Mattern incorporate paragraphs 1 through 32 above as if fully set forth herein at length.

34.     By misappropriating Mattern's confidential and proprietary information for its own financial benefit, L&W has benefited financially and has been unjustly enriched at Mattern's expense.

35.     The acceptance and retention of such benefits are under such circumstances that it would be inequitable for L&W to return those benefits without payment of value.

WHEREFORE, Mattern & Associates, LLC respectfully request that:

1.     Latham & Watkins, LLP be permanently enjoined and restrained, directly and indirectly, whether alone or in concert with others, from doing any of the following:

      a.     using in any manner, shape or form, Mattern's confidential and proprietary information;

      b.     divulging or transmitting to anyone, for any purpose, any of Mattern's confidential or proprietary information.

2.     Latham & Watkins be directed to return to Mattern & Associates all copies of Mattern's documents, electronic files and information and demand the return of any of Mattern's document's, electronic files and information which it disseminated to any third parties;

3.     Latham & Watkins be required to disgorge any savings, benefits or revenue that Latham & Watkins has or will receive as a result of engaging in the above unlawful activity.

4.     Mattern & Associates be awarded damages as a result of Latham & Watkins' above-mentioned unlawful activities.

4556617.2

7

Case ID: 121202011

# COUNT IV

# ACCOUNTING

36.     Mattern incorporate paragraphs 1 through 35 above as if fully set forth herein at length.

37.     By virtue of the foregoing, Mattern is entitled to an accounting from L&W as to its receipt of any and all financial benefits derived or to be derived from its misappropriation of Mattern's confidential and proprietary information.

38.     An accounting is proper because L&W has used Mattern's confidential and proprietary information.

39.     L&W is the only party able to account for the financial benefits derived from the misappropriation of Mattern's confidential and proprietary information.

WHEREFORE, Mattern & Associates, LLC respectfully request that:

1.     Latham & Watkins, LLP be required to provide a full and complete accounting regarding its receipt of any and all financial benefits derived or to be derived from its misappropriation of Mattern's confidential and proprietary information.

Respectfully submitted,

OBERMAYER REBMANN MAXWELL & HIPPEL LLP


Nicholas Poduslenko, Esquire
Attorney for Plaintiff

Date: 10/15/13

Case ID: 121202011

## VERIFICATION

I, Rob Mattern, hereby state that the facts and statements made in the foregoing Complaint

are true and correct to the best of my knowledge, information and belief.

_____
Rob Mattern

Date: _____

Case ID: 121202011

# EXHIBIT "A"

347942

Case ID: 121202011

## MUTUAL NON-DISCLOSURE AGREEMENT

THIS MUTUAL NON-DISCLOSURE AGREEMENT (the "Agreement") dated as of December 16, 2011 (the "Effective Date"), is made among **Mattern & Associates , LLC**, a Pennsylvania limited liability company ("Mattern"), and **Latham & Watkins LLP** ("Firm"). Mattern and Firm are sometimes referred to herein as a "Party" and collectively as the "Parties."

WHEREAS, Mattern and Firm have entered into discussions relating to one or more proposed business transactions (the "Project") between Mattern and the Firm, and

WHEREAS, in connection with such discussions and any subsequent agreement(s) related thereto that may be entered into between Mattern and Firm, a Party may disclose to the other Party certain information that the Disclosing Party (as defined in Section 1 below) considers to be its confidential or proprietary information.

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree as follows:

1. **Confidential Information.** "Confidential Information" means all confidential or proprietary information or data furnished by either Party (the "Disclosing Party") to the other Party, its employees, or agents (the "Receiving Party") before or after the Effective Date hereof in connection with the Project, which, (i) in the case of written, recorded, graphical or electronically communicated or stored information, or any other information in tangible form, contains legends or other written markings indicating that the Disclosing Party considers such information proprietary or confidential, or (ii) in the case of oral information, is designated as proprietary or confidential at the time of disclosure and is confirmed by the Disclosing Party to be proprietary or confidential through a written communication to the Receiving Party delivered within 5 days after such oral communication (it being understood that prior to receiving such written communication concerning oral information, the Receiving Party shall treat such oral information as Confidential Information for all purposes under this Agreement). Notwithstanding the foregoing, and even if such information does not bear legends or markings or if no follow up written communication is made indicating information disclosed orally is proprietary or confidential, Confidential Information includes all information disclosed by the Disclosing Party that the Receiving Party should reasonably understand to be considered Confidential Information of the Disclosing Party, including, without limitation, any trade secrets, any data or information regarding the Disclosing Party's customers, clients, employees and suppliers, pricing information and models, product and service information, planning information, marketing strategies, strategic plans, financial or operational data, customer/client transactions, customer/client lists, customer/client profiles, employee lists, employee profiles, employee information, sales projections or forecasts, business plans, business relationships, business processes, business methods, internal performance results and other documentation relating to past, present or future business activities. For purposes of clarification, Confidential Information may be referred to as "Confidential Information" or "Proprietary Information" in a Related Agreement, but for all intents and purposes shall have the meaning of Confidential Information provided herein. It is understood that the term "Confidential Information" does not include information that:

    (a)     is published or is otherwise in or subsequently becomes lawfully part of the public domain, through no fault of the Receiving Party;

1

Case ID: 121202011

(b)     prior to disclosure hereunder is within the legitimate possession of the Receiving Party;

(c)     is disclosed to the Receiving Party from a source other than the Disclosing Party and the Receiving Party has no knowledge or reason to know of any violation of law or breach of any confidentiality obligation owed by such source to the Disclosing Party; or

(d)     is independently developed by the Receiving Party without using Confidential Information of the Disclosing Party.

2.     **Care.** The Receiving Party agrees that, unless the Disclosing Party consents in writing or as otherwise expressly permitted herein, it shall: (1) use the Confidential Information solely for the purpose of the Project and agrees not to use any Confidential Information of the other Party for any purpose except in accordance with the terms of this Agreement; and (2) hold confidential and not disclose to any third party the Confidential Information. Notwithstanding the foregoing, the Receiving Party may disclose Confidential Information in connection with the Project to the Receiving Party's partners, officers, directors, employees, agents, advisors, or representatives that have a need to know such Confidential Information for the purposes of carrying out the Project or to exercise rights and obligations under this Agreement (the "Permitted Parties"). The Receiving Party shall exercise no less care to safeguard the Confidential Information acquired from the Disclosing Party than it exercises in safeguarding its own Confidential Information of like importance; provided, however, that in no event shall such standard of care be less than reasonable. In addition, each of the Permitted Parties who has access to the Disclosing Party's Confidential Information shall be bound by confidentiality obligations that are at least as protective of the Disclosing Party's Confidential Information as the terms and conditions of this Agreement. Notwithstanding the foregoing, the Receiving Party may disclose Confidential Information as required under applicable law or applicable legal process (provided that such requirement does not arise due to a violation of this Agreement by the Receiving Party). In the event that the Receiving Party is required by applicable law to make any disclosure of any of the Confidential Information, the Receiving Party shall first give prompt Notice of such requirement to the Disclosing Party, shall permit the Disclosing Party to intervene in any relevant proceedings to protect its interests in the Confidential Information, and shall provide cooperation to the Disclosing Party, at the Disclosing Party's expense, in seeking to obtain such protection. The Receiving Party further agrees that if the Disclosing Party is not successful in precluding the requesting legal body from requiring the disclosure of the Confidential Information, the Receiving Party shall furnish only that portion of the Confidential Information that the Receiving Party in good faith reasonably considers to be legally required and, at the request and expense of the Disclosing Party, shall exercise all reasonable efforts to obtain reliable assurances that confidential treatment shall be accorded the Confidential Information. In all cases and notwithstanding anything to the contrary, the Receiving Party shall comply with applicable law in the treatment of all Confidential Information.

3.     **Ownership.** All Confidential Information, unless otherwise specified in writing, shall remain the property of the Disclosing Party. No rights, and particularly licenses, to trademarks, inventions, trade secret information, copyrights, patents, mask work protection rights, or any other intellectual property rights are implied or granted under this Agreement or by the delivery of Confidential Information.

4.     **Return of Confidential Information.** Unless otherwise agreed to in writing between the Parties, immediately upon receiving the written request of the Disclosing Party, the Receiving Party shall (i) return any and all of the Disclosing Party's Confidential Information (in any form whatsoever) to the extent possible or (ii) destroy such Confidential Information. Upon the Disclosing Party's written

2

Case ID: 121202011

request, the Receiving Party shall certify such return or destruction by providing the Disclosing Party with a certificate executed by an authorized representative of the Receiving Party certifying that such return or destruction has occurred. Notwithstanding anything to the contrary in this Section 4, in the event of any dispute between the Parties in connection with the Confidential Information, this Agreement or any Related Agreement, the Receiving Party (upon Notice to the Disclosing Party) may retain with its legal counsel one copy of the portion of the Disclosing Party's Confidential Information that is the subject of the dispute pending the outcome of such dispute

5. **Injunctive Relief and Jurisdiction.** . Each Party agrees that its obligations provided in this Agreement are necessary and reasonable in order to protect the Disclosing Party and its business, and each Party expressly agrees that monetary damages alone would be inadequate to compensate the Disclosing Party for any breach by the Receiving Party of its covenants and agreements set forth in this Agreement. Each Party agrees that any violation or threatened violation of this Agreement will cause immediate and irreparable injury to the Disclosing Party and that, in addition to any other available remedies, the Disclosing Party shall be entitled to obtain injunctive relief, without notice or posting of bond, against a breach or threatened breach of this Agreement by the Receiving Party, without the necessity of proving actual damages. Both Parties specifically consent to the jurisdiction by the state and federal courts sitting in Philadelphia, Pennsylvania for this purpose..

6. **Term.** This Agreement shall commence on the Effective Date and expire two years thereafter unless otherwise terminated in accordance herewith. This Agreement may be terminated at any time by mutual agreement of the Parties or upon 10 days prior Notice to the other Party, provided, however, that termination of this Agreement shall not relieve the Receiving Party of its obligations under this Agreement with respect to Confidential Information delivered to the Receiving Party prior to the effective date of termination. Notwithstanding anything to the contrary in this Section 6, unless the Disclosing Party otherwise notifies the Receiving Party in writing, Confidential Information shall be treated by the Receiving Party as Confidential Information indefinitely and the Receiving Party shall remain subject to its obligations under this Agreement with respect to such information. Without limiting the foregoing, confidentiality obligations and restrictions hereunder shall survive expiration or termination of this Agreement. Any other provision of this Agreement, which by its nature is intended to survive, shall also survive such expiration or termination. In addition, and notwithstanding anything contained herein to the contrary, to the extent that this Agreement has been incorporated by reference into a Related Agreement, this Agreement (with respect to such Related Agreement) shall not terminate until expiration or termination of such Related Agreement (it being understood that in the event of a conflict between the terms and conditions of this Agreement and such Related Agreement, the terms and conditions of the Related Agreement shall prevail).

7. **Warranty and Indemnity.** The Disclosing Party warrants that it has all rights necessary to provide the Confidential Information to the Receiving Party. Each Party (the "Indemnifying Party") shall indemnify, defend and hold harmless each other Party and its Affiliates (the "Indemnified Party") from and against any and all losses, liabilities, claims, actions, lawsuits, demands, damages, costs, money judgments and expenses (including reasonable attorneys' fees) that arise from or relate to third party claims or suits against the Indemnified Party to the extent caused by a breach of this Agreement by the Indemnifying Party.

8. **Limitation of Liability.** To the extent permitted by applicable law, no Party shall be liable to any other Party for any special, indirect, incidental, consequential, multiple, or punitive damages of any kind, including, without limitation, lost profits, even if advised of the possibility thereof. The foregoing limitation of liability does not apply to amounts payable by a Party pursuant to its indemnity

3

obligations of Section 7 hereunder, but applies in all other instances regardless of the cause of action under which such damages are sought.

9.      **Entire Agreement; Amendments; Waivers; Severability; Assignment.** This Agreement together with any other document that this Agreement references as being attached or incorporated by reference, sets forth the entire agreement and understanding between the Parties with respect to the subject matter hereof, and supersedes any other agreements, discussions, proposals, representations or warranties, written or oral, with respect to the subject matter hereof. Any modification of this Agreement must be in writing and signed by each Party. Except as expressly provided in this Agreement, any right or remedy under this Agreement or under applicable law is not exclusive and does not preclude a Party from exercising any other right or remedy that may be available to it. No waiver of any part of this Agreement is valid unless in writing signed by the Party to be charged, and no waiver on one occasion is deemed a waiver on any other occasion unless expressly stated in the written waiver. If any provision of this Agreement is found to be invalid or unenforceable to any extent, then that portion shall be deemed conformed to the minimum requirements of law to the extent possible. In addition, the remainder of this Agreement is not affected and continues to be valid and enforceable to the fullest extent permitted by law. This Agreement inures to the benefit of, and is binding upon, the Parties and their respective heirs, legal representatives, permitted successors and permitted assigns. Neither Party shall assign (by merger, operation of law or otherwise) this Agreement or any rights hereunder or, except as expressly permitted in this Agreement, delegate any obligations hereunder to any third party without each other Party's prior written consent.

10.      **Governing Law.** This Agreement shall be construed in accordance with the laws of the Commonwealth of Pennsylvania excluding its conflict of law provisions.

11.      **Notices.** Except as otherwise expressly provided in this Agreement, all notices or demands shall be in writing, and shall be sent (a) by courier or in person with signed receipt, (b) by nationally recognized overnight delivery service, prepaid, with signature required, or (c) by fax if promptly confirmed by copy sent by next day delivery, signature required, and in each case shall be sent to the other Party at its address below its signature or to such other address designated from time to time by notice in accordance with this Section. Notices are deemed to be received upon actual receipt or refusal of delivery.

12.      **Counterparts; Facsimile Copies.** This Agreement may be executed in separate counterparts, each of which is deemed an original, and all of which are deemed one and the same instrument. The Parties' faxed signatures are effective to bind them to this Agreement.

4

Case ID: 121202011

**IN WITNESS THEREOF**, the Parties have executed this Agreement under seal as of the Effective Date.

Mattern:                                             Firm:

MATTERN & ASSOCIATES, LLC                            Latham & Watkins LLP

By:     _Robert C. Mattern_                          By:     _Chuck Hall_

Name:   Robert C. Mattern                            Name:   Chuck Hall

Title:  President                                    Title:  Director of Operations, US/Asia

Date:   1/4/2012                                     Date:   12/21/2011


Notice Address:                                      Notice Address:

871 Baltimore Pike, #12                              _____

Glen Mills, PA  19342                                _____

Attention: _____                  _____

                                                     _____

                                                     _____

5

Case ID: 121202011