IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MATTERN & ASSOCIATES, LLC                    :
      Plaintiff,

                                      CIVIL ACTION
      v.                                           :    NO. 13-6592

LATHAM & WATKINS LLP
      Defendant.                               :

**FILED**

SEP 2 6 2014

**MEMORANDUM**

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**Jones, II, J.**                                                   **September 26, 2014**

## I.     INTRODUCTION

Plaintiff Mattern & Associates, LLC brings the above-captioned action against Defendant

Latham & Watkins LLP, alleging that Defendant breached its contract with Plaintiff (Count I),

violated the Pennsylvania Uniform Trade Secrets Act (Count II), and was unjustly enriched as a

result of the breach of contract (Count III). Additionally, Plaintiff requests an accounting of any

financial benefit received by Defendant as a result of the breach of contract (Count IV). Now

pending before this Court is Defendant's Motion to Dismiss. For the reasons set forth below,

Defendant's Motion shall be granted in part and denied in part.

## II.     FACTS

Plaintiff is in the business of providing consulting services to law firms and other

businesses regarding the recovery of third-party support service costs and obtaining competitive

pricing from support service providers. (Compl. ¶ 5). On or about May 11, 2011, Plaintiff and

Defendant met to discuss the possibility of Plaintiff performing an assessment of Defendant's

operations, after which Plaintiff would recommend operational and financial improvements to

1

those operations. (Compl. ¶ 7). As a result of those discussions, Plaintiff and Defendant entered into a Mutual Non-Disclosure Agreement ("NDA") on January 4, 2012. (Compl. ¶ 8; Compl. Ex. A). The NDA provided that any party in receipt of confidential information was to use that information solely for dealings between the two parties. (Compl. ¶ 8; Compl. Ex. A). During presentations conducted on January 20, 2012 and January 26, 2012, Plaintiff divulged confidential information to Defendant. (Compl. ¶ 9). On March 16, 2012, Plaintiff submitted a proposal to Defendant, which contained the confidential information divulged during the January 26, 2012 presentation. (Compl. ¶ 11). After Plaintiff submitted its proposal, Defendant advised Plaintiff that it was engaging the consulting services of a competing firm. (Compl. ¶ 12). Plaintiff subsequently learned that Defendant shared Plaintiff's confidential information with the competing firm, as well as with a number of other support vendors. (Compl. ¶ 13). Specifically, on June 21, 2012, Defendant requested that current and potential support service providers incorporate Plaintiff's confidential information into their proposals. (Compl. ¶ 14). As a result thereof, Plaintiff commenced the instant litigation.[1]

### III.   LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A

---

[1] Plaintiff is a Pennsylvania limited liability company and Defendant is a Delaware limited liability partnership. (Compl. ¶¶ 1-2). Both parties have consented to the jurisdiction of the state and federal courts sitting in Philadelphia, Pennsylvania. (Compl. ¶ 2).

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id.* at 678; accord *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("All civil complaints must contain more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.") (internal quotation omitted).

## IV.   DISCUSSION

### A.  Breach of Contract

Defendant seeks dismissal of Count I of Plaintiff's Complaint alleging breach of contract. "Under Pennsylvania law, '[a] breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages.'" *Burton v. Teleflex Inc.*, 707 F.3d 417, 431 (3d Cir. Pa. 2013) (quoting *Braun v. Wal-Mart Stores, Inc.*, 2011 PA Super 121, 24 A.3d 875, 896 (Pa. Super. Ct. 2011)). Neither party herein disputes that a valid contract exists. However, Defendant maintains that Plaintiff's mere reference to "confidential and proprietary information" constitutes a conclusory statement that precludes Plaintiff from adequately pleading the second and third elements of its claim. In support of its argument, Defendant relies in part on *West Run Student Housing Associates*,[2] where it was alleged that a Defendant had violated its duty of good faith and fair dealing by disclosing a plaintiff's confidential information to a third party. The District Court for the Western District of Pennsylvania dismissed the Complaint and in affirming this decision, the Third Circuit concluded that the plaintiff had failed to "plead facts regarding the nature of the disclosed

---

[2] *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, Civ. No. 12-00076, 2012 U.S. Dist. LEXIS 67489 (W.D. Pa. May 15, 2012).

3

information, who disclosed it, or when it was disclosed. Nor [did] the amended complaint contain any corroborating factual averments that confidential information was disclosed at all." *West Run Student Hous. Assocs., LLC*, 712 F.3d 165, 169 (3d Cir. 2013). The same conclusion was reached under similar circumstances in the Eastern District case of *Bioquell Inc. v. Feinstein*, Civ. No. 10-2205, 2010 U.S. Dist. LEXIS 124077 (E.D. Pa. Nov. 23, 2010).

Unlike the plaintiffs in *West Run* or *Bioquell*, Plaintiff herein has pleaded facts regarding the nature of the disclosed information, who disclosed it, and when it was disclosed. Plaintiff alleges it has developed proprietary and confidential information relating to recovering third-party support services costs and obtaining favorable pricing from a business's support service providers. (Compl. ¶¶ 5-6). Plaintiff further alleges that it made presentations to Defendant on January 20, 2012 and January 26, 2012, during which Plaintiff disclosed its proprietary and confidential information to Defendant. (Compl. ¶ 9). Plaintiff alleges that this information was protected from disclosure to third parties by the mutual NDA. (Compl. ¶ 9). Lastly, Plaintiff alleges that on June 21, 2012, Defendant disclosed Plaintiff's information covered under the mutual NDA to multiple third parties. (Compl. ¶ 14). In particular, Plaintiff claims that on said date, Defendant asked current and prospective support service providers to incorporate into their proposals the information Plaintiff had given Defendant in January, thereby breaching the NDA and causing loss to Plaintiff. (Compl. ¶¶ 14, 18-20). The allegations contained within Plaintiff's Complaint are more than a mere series of conclusory statements. Because Plaintiff has pleaded with sufficient specificity the facts regarding the nature of the disclosed information, who disclosed it, and when it was disclosed, Defendant's Motion to Dismiss shall be denied as to Count I.

4

### B. Pennsylvania Uniform Trade Secrets Act

The Pennsylvania Uniform Trade Secrets Act ("PUTSA") "'creates a statutory cause of action for injunctive relief, compensatory damages and exemplary damages for the actual loss caused by misappropriation of trade secrets and the unjust enrichment caused by such misappropriation.'" *Kimberton Healthcare Consulting, Inc. v. Primary PhysicianCare, Inc.,* Civ. No. 11-4568, 2011 U.S. Dist. LEXIS 139980, at \*10 (E.D. Pa. Dec. 6, 2011) (quoting *Youtie v. Macy's Retail Holding, Inc.,* 626 F.Supp.2d 511, 522 (E.D. Pa.2009)). "Under the PUTSA, to establish misappropriation of a trade secret, the plaintiff must show that the defendant used or disclosed information that it knew or had reason to know was a trade secret and that the defendant acquired such information by improper means." *Hill v. Best Med. Int'l, Inc.,* Civ. No. 07-1709, 2011 U.S. Dist. LEXIS 123845, at \*39 (W.D. Pa. Oct. 24, 2011) (citing 12 Pa. C.S. § 5302). PUTSA defines the term "trade secret" as:

> Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that:
>
> (1)    Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> (2)    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

12 Pa. Cons. Stat. Ann. § 5302.

When assessing the sufficiency of a PUTSA claim, "'courts are in general agreement that trade secrets need not be disclosed in detail in a complaint alleging misappropriation for the simple reason that such a requirement would result in public disclosure of the purported trade secret' . . . 'the question of whether proprietary information constitutes a trade secret is an issue of fact, ordinarily resolved by the fact finder after a full presentation of the evidence.'"

*Pennfield Precision, Inc. v. EF Precision, Inc.*, Civ. No. 00-2801, 2000 U.S. Dist. LEXIS 11971, at *10-11 (E.D. Pa. Aug. 15, 2000) (internal citations omitted).

Defendant herein argues Plaintiff has failed to sufficiently plead its PUTSA claim by failing to identify the "confidential and proprietary information" cited in the Complaint and in support thereof, relies primarily on two particular cases: *Sensus United States, Inc. v. Elliot Bay Eng'g, Inc.*[3] and *Bioquell, Inc. v. Feinstein*.[4]  However, the facts of this case are distinguishable from those of *Sensus* and *Bioquell* because Plaintiff herein has described its trade secrets as relating to recovering third-party support services costs and obtaining favorable pricing from a business's support service providers. (Compl. ¶¶ 5-6). Plaintiff also alleges that a specific instance of misappropriation occurred on June 21, 2012, when Defendant asked its current and prospective support service providers to include Plaintiff's trade secrets in their response to a request for proposal. (Compl. ¶ 14). Plaintiff further pleads the trade secret's economic benefit by describing the trade secret as relating to obtaining "favorable and competitive pricing" and by alleging that prior to Defendant's receipt of the trade secret, Defendant had not previously used the information in any past dealings. (Compl. ¶¶ 5, 15).   As such, Plaintiff has provided more than the prerequisite "general description" that was absent in *Sensus* and *Bioquell*.

Other courts have reached the same conclusion under similar circumstances. *Synthes, Inc. v. Emerge Med., Inc.*, Civ. No. 11-1566, 2012 U.S. Dist. LEXIS 134886, at *101-102 (E.D. Pa. Sept. 19, 2012) (PUTSA claim sufficiently pled where alleged trade secret included information regarding the plaintiff's customers, business activities, strategies and product development plans); *ITP, Inc. v. OCI Co.*, 865 F. Supp. 2d 672, 682-683 (E.D. Pa. 2012) (PUTSA claim sufficiently pled where alleged trade secrets included "confidential market studies and reports, as

---

[3] Civ. No. 10-1363, 2011 U.S. Dist. LEXIS 72540 (W.D. Pa. July 6, 2011).
[4] Civ. No. 10-2205, 2010 U.S. Dist. LEXIS 124077 (E.D. Pa. Nov. 23, 2010).

well as customer and distributor lists."); *Center Pointe Sleep Assocs., LLC v. Panian*, Civ. No.

08-1168 , 2009 U.S. Dist. LEXIS 21808, at *4 (W.D. Pa. Mar. 18, 2009) (PUTSA claim

sufficiently pled where alleged trade secrets related to a particular proposal designed by the

plaintiff, lists of both current and prospective clients, marketing materials, and strategies); *Ideal*

*Aerosmith, Inc. v. Acutronic United States, Inc.,* Civ. No. 07-1029, 2007 U.S. Dist. LEXIS

91644, at * 22-23 (W.D. Pa. Dec. 13, 2007) ("confidential business information" was sufficiently

described as relating to product development specifications, pricing and marketing data, bid

information and customer communications); *Pennfield Precision, Inc. v. EF Precision, Inc*., Civ.

No. 00-2801, 2000 U.S. Dist. LEXIS 11971, at *11 (E.D. Pa. Aug. 15, 2000) ("highly

confidential and proprietary information" was sufficiently described as constituting "technical

engineering choices and capacities," costs, and bids that were "sealed and unavailable to

competitors.").

Construing the Complaint herein in a light most favorable to Plaintiff, said Complaint

contains sufficient allegations regarding: 1) the existence of a trade secret; 2) the disclosure of

that trade secret to Defendant in confidence; and 3) injury to Plaintiff as a result of Defendant's

disclosure of the trade secret to third parties. Thus, Defendant's Motion to Dismiss shall be

denied as to Count II.

### C. Unjust Enrichment

Defendant next seeks dismissal of Plaintiff's unjust enrichment claim on the bases of: (1)

Plaintiff's alleged failure to adequately identify the "confidential and proprietary information" at

issue, thereby precluding any finding that Defendant acted wrongfully or was conferred and has

appreciated any benefit; and (2) alternative pleading preclusion.

As discussed hereinabove, Plaintiff has pled adequate facts regarding the "confidential and proprietary information" at issue. With regard to Defendant's alternative pleading argument, "[a] plaintiff is permitted to plead alternative theories of recovery based on breach of contract and unjust enrichment in cases where there is a 'question as to the validity of the contract in question.'" *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012) (quoting *AmerisourceBergen Drug Corp. v. Allscripts Healthcare, LLC*, Civ. No. 10-6087, 2011 U.S. Dist. LEXIS 83582, at *11 (E.D. Pa. July 29, 2011))[5]   Conversely, an unjust enrichment claim is necessarily precluded by the fact that an express contract exists and its validity is not in question. *See Grudkowski v. Foremost Ins. Co.,* 556 F. App'x 165, 170 n.8 (3d Cir. Pa. 2014) (affirming dismissal of an alternatively-pled unjust enrichment claim where the existence of the contractual relationship was not challenged).

Here, neither party contests the validity of the NDA. Accordingly, Defendant's Motion to Dismiss Count II shall be granted.

## D. Accounting

Lastly, Defendant seeks dismissal of Plaintiff's accounting claim, as contained in Count IV of its Complaint.[6]  Accounting has been recognized in this District as both an equitable and legal

---

[5] In *AmerisourceBergen,* this Court ruled that "[p]arties are indeed permitted to pursue alternative theories of recovery based on both breach of contract and unjust enrichment. However, that permission turns on whether there is any question as to the validity of the contract in question. Here, neither party contests the validity of the [contract], and any recovery would be determined on the basis of that contract alone, precluding an unjust enrichment claim." *Id.* at *10-11 (internal citations omitted).

[6]  This Court notes that Plaintiff has not provided a response to Defendant's Motion to Dismiss Count IV of its Complaint. As such, the same may be granted as unopposed. *See Dennis v. DeJong*, 867 F. Supp. 2d 588, 622 (E.D. Pa. 2011) ("Pursuant to Rule 7.1(c) of the Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, failing to address substantive matters raised in a motion may result in the unaddressed issue being granted as uncontested."), *aff'd,* 557 F. App'x 112 (3d Cir. 2014); *Young v. St. Luke's Hosp.*, Civ. No. 09-3460, 2010 U.S. Dist. LEXIS 30911, at * 16 (E.D. Pa. Mar. 30, 2010) ("Parties who fail to

8

remedy. *Lightman v. Marcus*, Civ. No. 12-97, 2012 U.S. Dist. LEXIS 54322 at \*10 (E.D. Pa.

Apr. 17, 2012). An *equitable* accounting is only appropriate when a fiduciary relationship exists

between the parties, the plaintiff has alleged fraud or misrepresentation, the accounts are mutual

and complicated, or the plaintiff does not possess an adequate legal remedy. *Harold v. McGann*,

406 F. Supp. 2d 562, 578 (E.D. Pa. 2005) (citing *Rock. v. Pyle,* 720 A.2d 137, 142

(Pa.Super.1998)). Inasmuch as none of these factors are applicable to the matter presently before

this Court, Plaintiff is not entitled to an equitable accounting. *See Centrix HR, LLC v. On-Site*

*Staff Mgmt.,* 349 F. App'x 769, 775 (3d Cir. Pa. 2009) (affirming denial of accounting where

adequate remedy at law existed).

A *legal* accounting is proper where:

> "(1) there was a valid contract, express or implied, between the parties whereby
> the defendant
>
>> (a) received monies as agent, trustee or in any other capacity whereby the
>> relationship created by the contract imposed a legal obligation upon the
>> defendant to account to the plaintiff for the monies received by the
>> defendant, or
>>
>> (b) if the relationship created by the contract between the plaintiff and
>> defendant created a legal duty upon the defendant to account and the
>> defendant failed to account and the plaintiff is unable, by reason of the
>> defendant's failure to account, to state the exact amount due him, *and*
>
> (2) that the defendant breached or was in dereliction of his duty under the
> contract."

*Guzzi v. Morano,* Civ. No. 10-1112, 2013 U.S. Dist. LEXIS 112764, at \*46 (E.D. Pa. Aug. 7,

2013) (citations omitted) (emphasis added).

The allegations regarding this claim as set forth in Plaintiff's Complaint do not provide

insight as to which type of accounting is being sought. *See Schirmer v. Principal Life Ins. Co.,*

---

adequately brief their opposition to motions do so at the risk of having those motions granted as
uncontested.") (citations omitted).

Civ. No. 08-2406, 2008 U.S. Dist. LEXIS 101646, at *12-13 (E.D. Pa. Oct. 29, 2008) (claim for accounting rejected where plaintiffs did not indicate which type they were seeking and instead, merely alleged they were "entitled" to it because the defendants had the information they needed to assess damages . . . Plaintiff's breach of contract claim provided an adequate remedy at law and "the information sought [could] be obtained through ordinary discovery.").

Regardless of whether Plaintiff herein seeks an equitable or a legal accounting, the outcome is nevertheless the same. Because Plaintiff has an adequate remedy at law via its breach of contract claim and the discovery that would flow therefrom, an equitable accounting is unavailable. Moreover, because: 1) Defendant never received monies from Plaintiff as an agent, trustee, or through a contractual relationship which imposed upon Defendant a legal obligation to account for those monies, and 2) the contract between Plaintiff and Defendant failed to create a legal duty upon Defendant to account, Plaintiff is not entitled to a legal accounting. *See Berger & Montague v. Scott & Scott*, 153 F. Supp. 2d 750, 754 (E.D. Pa. 2001) (legal accounting appropriate where Plaintiff alleged Defendant had a contractual duty to collect and distribute money for Plaintiff and Defendant breached this duty by failing to account for his costs and fees).

In view of the foregoing, Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint shall be granted.

## V.     CONCLUSION

For the reasons set forth hereinabove, Defendant's Motion to Dismiss shall be granted in part and denied in part.  Defendant's Motion is granted as to Counts III and IV but denied as to Counts I and II.[7]

An appropriate Order follows.

BY THE COURT:

_____

C. Darnell Jones, II    J.

---

[7] In its Opposition to Defendant's Motion, Plaintiff alternatively seeks leave to amend. However, in light of the bases for this Court's decisions regarding Counts III and IV, amendment would be futile, as it could not cure the noted defects.